IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERAL DURANT HENDERSON, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-2801-L-BN |
| CLAIBORNE PARISH DETENTION CENTER, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Moving for leave to proceed *in forma pauperis* (IFP), Plaintiff Jeral Durant Henderson filed a *pro se* complaint consisting of a random assortment of unrelated documents but also making conclusory allegations that could be liberally construed as asserting that his rights were violated during a judicial proceeding in Louisiana. *See* Dkt. Nos. 3, 4.

United States District Judge Sam A. Lindsay referred Henderson's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Insofar as Henderson alleges claims that are not clearly baseless, irrational, or wholly incredible, *see, e.g., Starrett v. U.S. Dep't of Defense*, 763 F. App'x 383, 383-84 (5th Cir. 2018) (per curiam), those claims remain conclusory and appear to involve a judicial proceeding in Claiborne Parish, Louisiana, which lies within the Western District of Louisiana, *see* 28 U.S.C. § 98(c). So, at a minimum, venue is not proper in this district. *See* 28 U.S.C. § 1391(b).

"Where venue is improper, the district court should generally dismiss the case." *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022). "But the court retains discretion to transfer it to a proper venue if such a transfer would serve 'the interest of justice.'" *Id.* (quoting 28 U.S.C. § 1406(a) (providing that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought")).

"The district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

But it would not serve the interest of justice to transfer Henderson's conclusory claims. *See Tobias v. Collins*, 56 F.3d 1385, 1995 WL 337754, at *3 (5th Cir. May 19, 1995) ("Tobias has failed to allege even the thinnest factual support or basis for this conclusory claim; the claim is thus frivolous. The district court was well within its discretion to conclude that it was not in the interests of justice to transfer, rather than dismiss, this portion of the case. We find no abuse of discretion." (citation omitted)); *see also Moler v. Wells*, 18 F.4th 162, 167 n.8 (5th Cir. 2021) ("We note that because Moler's FTCA claim appears non-frivolous and because the statute of limitations would prevent him from refiling the claim in another court if this case were dismissed, it likely would be in the interest of justice to transfer this case if the district court concludes that venue is not proper." (citations omitted)).

The Court should therefore dismiss the complaint for improper venue.

## Recommendation

The Court should dismiss the complaint without prejudice under 28 U.S.C. § 1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 5, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE